UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN COLDWELL,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:15-cv-41

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) GRANTING PLAINTIFF'S REQUEST FOR REMAND; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) FOR CONSIDERATION OF NEW AND MATERIAL EVIDENCE; AND (3) ADMINISTRATIVELY CLOSING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 11. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6),[1] and the record as a whole.

I.

**A.**    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of August 30, 2008. PageID 225-31. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, mood disorder, residuals of right hip fracture, and lumbar degenerative disc disease. PageID 93.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of his application, Plaintiff received a hearing before ALJ Elizabeth Motta on January 30, 2013. PageID 107-34. On March 26, 2013, the ALJ issued a written decision finding Plaintiff not disabled. PageID 91-93. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since January 4, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: mood disorder; polysubstance abuse disorder; residuals of right hip fracture; and lumbar degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. The claimant has the residual functional capacity ["RFC"] to lift up to 20 pounds occasionally and 10 pounds frequently; standing and walking limited to a combined total of four hours in an eight-hour workday; no climbing ropes, ladders or scaffolds; only occasional postural activities; no exposure to hazards, such as moving or dangerous machinery or working at unprotected heights; simple, repetitive tasks; low stress work with no strict production quota or fast-paced work and only routine work with minimal changes in the work setting; and only occasional contact with the public, co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565)

7. The claimant was born [in] 1966 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

2

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 4, 2010, the amended onset date, through the date of this decision (20 CFR 404.1520(g)).

PageID 93-102.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-37. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In her decision, the ALJ summarized the relevant underlying medical evidence in this case. PageID 95-100. Plaintiff, in his Statement of Errors, sets forth a detailed recitation of the procedural history and record evidence. Doc. 7 at PageID 647-54. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's summary of the evidence. Doc. 8 at PageID 668-69. Accordingly, except as otherwise noted herein, the undersigned incorporates Plaintiff's recitation and the ALJ's summary of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?

2.     Does the claimant suffer from one or more severe impairments?

3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff alleges the ALJ erred by failing to properly: (1) weigh medical source opinions; and (2) assess his credibility when evaluating his complaints of physical pain and mental health symptoms. In addition, Plaintiff argues that a remand is required pursuant to Sentence Six of 42 U.S.C. § 405(g) for consideration of opinions given by his treating psychiatrist Sri Alwis, M.D. and his treating social worker Margaret Baker, L.S.W. Doc. 7 at PageID 663-66. Finding that good cause exists for a Sentence Six remand, the Court makes no conclusion regarding Plaintiff's other alleged errors.

After issuance of the ALJ's decision, Dr. Alwis and Ms. Baker both submitted opinions stating that Plaintiff was "markedly"[2] to "extremely" limited in mental functioning as a result of his impairments and would be unable to promptly and regularly attend work. *See* PageID 70-82. Plaintiff's counsel requested these opinions from his treaters in advance of the administrative hearing, but the treaters failed to complete their reports until approximately two weeks after the ALJ issued her decision. *See* PageID 132-33. Plaintiff argues that good cause exists for a Sentence Six remand to consider this new and material evidence. Doc. 8 at PageID 664-66.

---

[2] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App's 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C), *et seq*.

5

"To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted). Here, the Commissioner makes no argument as to whether the evidence is new, or whether good cause exists to excuse Plaintiff's failure to present this evidence to the ALJ. Doc. 8 at PageID 680-82. As such, any such arguments are waived.

Instead, the Commissioner argues only that this new evidence is not "material." *Id.* New evidence is "material" if "a reasonable probability [exists] that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). "For purposes of a Sentence [Six] remand, a plaintiff need only establish a reasonable probability that the Commissioner would have reached a different result, not the certainty of a grant of benefits." *King v. Comm'r of Soc. Sec.*, No. 2:11-CV-339, 2012 WL 3887173, at *2 (S.D. Ohio Sept. 7, 2012).

The undersigned concludes that a reasonable probability of a different result exists. The record before the ALJ at the time she issued her decision contained three medical source opinions concerning Plaintiff's mental limitations, *i.e.*, opinions from examining psychologist Giovanni Bonds, Ph.D., and record reviewers Ermias Seleshi, M.D., and Patricia Semmelman, Ph.D. PageID 136-52, 154-68, 448-62. Significantly, all three of these opinions predate Plaintiff's mental health treatment. *See* PageID 545, 604; 613-18. The subsequent mental health records by Dr. Alwis and Ms. Baker note numerous, repeated clinical observations supporting the severity of Plaintiff's mental impairments: namely, Plaintiff's rapid, pressured speech; labile affect; depressed, irritable, or anxious mood; racing thoughts; impulsive behavior; agitated activity; disheveled, shabby, unkempt appearance; guarded thought; high anxiety; and poor self-esteem. *See* PageID 551-604, 618, 632. These clinical observations lend support to the opinions of Dr. Alwis and Ms. Baker that Plaintiff is disabled.

Evidence from these two treaters also supports the contention that Plaintiff is not able to maintain prompt and regular attendance at work.  *See* PageID 70-83.  Specifically, Dr. Alwis concluded that, as a result of his mental impairments, Plaintiff would likely miss more than three days of work per month.  PageID 72.  A person missing only one day per month would likely be unable to maintain full-time employment.  *See* PageID 130-31.  Such opinions are consistent with Plaintiff's personal work history, in which he was fired from his last job in 2010 because of absenteeism.  PageID 457.

Accordingly, based upon all of the foregoing, the undersigned concludes that -- contrary to the Commissioner's contention -- this new evidence is "material" in that a reasonable probability exists the ALJ, once being given an opportunity to review this evidence, would reach a different conclusion regarding Plaintiff's disability status.

### IV.

For the foregoing reasons, Plaintiff's request for remand is **GRANTED** and this case is **REMANDED** under the Sixth Sentence of 42 U.S.C. § 405(g).  This is a pre-judgment remand. *See Faucher v. Sec. of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). While the Commissioner is considering the new and material evidence on remand, this case is **ADMINISTRATIVELY CLOSED**.  The Commissioner **SHALL** advise the Court of the status of this matter, in writing, every **SIXTY (60) DAYS.**

**IT IS SO ORDERED**.

Date:  March 28, 2016  *s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge